# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE HOLLIS, | CASE NO: 1:11-cv-00739-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION AS DUPLICATIVE OF CIVIL ACTION NO. 1:09-cv-00463-AWI-BAM |
| v. | |
| MARGARET MIMS, et al., | |
| Defendants. | |
| / | OBJECTIONS DUE WITHIN 21 DAYS |

**Findings and Recommendations**

### I. Introduction

On May 9, 2011, Plaintiff Michael Eugene Hollis ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging various claims against the Fresno County Jail. Doc. 1.[1] On October 17, 2011, the Court dismissed Plaintiff's complaint, with leave to amend. Doc. 7. On January 20, 2012, Plaintiff filed a first amended complaint. Doc. 10. On March 23, 2012, Plaintiff filed the exhibits to his first amended complaint. Doc. 13.[2] Upon review of the first amended complaint and exhibits, the Court finds that this action is substantively identical to another case currently pending in this district that Plaintiff filed on March 11, 2009, *Michael Eugene Hollis v. Russell York, et al.*, No. 1:09-cv-00463-AWI-BAM.

---

[1] Plaintiff is currently incarcerated Big Spring Federal Correctional Institution in Texas.

[2] On June 18, 2012, Plaintiff filed a second amended complaint in this case, listing the case number for this civil action. Doc. 14. On July 6, 2012, the Court found that Plaintiff intended to file the "second amended complaint" in the separate action of *Hollis v. Laird*, 1:11-cv-00748-AWI-SKO. The Court ordered the second amended complaint filed in that case and disregarded in this case. Doc. 15.

## II. Duplicative Claims

### A. Legal Standard

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. Repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative. *See, e.g.*, *Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 688, 692-94 (9th Cir. 2007).

### B. Analysis

> [I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same . . . "There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis, of the relief sought must be the same." *Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000) (holding that the trial court did not abuse its discretion in dismissing *Curtis II* claims arising out of the same events as those alleged in *Curtis I*, which claims would have been heard if plaintiffs had timely raised them). *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223-24 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.").

*See Adams*, 487 F.3d at 689. From a review of Plaintiff's two cases, the Court finds that this case is duplicative of Plaintiff's prior current pending case because the claims, parties, and available relief do not significantly differ between the two actions.

#### 1. *Hollis v. York*, Filed March 11, 2009, No. 1:09-cv-00463-AWI-BAM

On March 11, 2009, Plaintiff filed *Hollis v. York*, No. 1:09-cv-00463-AWI-BAM. In Plaintiff's complaint, he alleged violations against the Fresno County Jail from August 19, 2008

through June 16, 2009. *See Hollis v. York*, No. 1:09-cv-00463-AWI-BAM, Compl. & Screening Order, Docs. 1, 20. Plaintiff named defendants Russell York, Director Fresno U.S. Marshal's Service, Margaret Mims, Fresno County Sheriff, John / Jane Doe, Fresno County Jail Bureau Commander, John / Jane Doe, Head of Canteen of Fresno, Inc.; Shumate, correctional sergeant; Oliver, correctional officer; Jane Doe, Correctional Sergeant; Cartier, correctional corporal, Osborne, correctional officer; Cunha, correctional officer; and Laird, M.D., Fresno County Jail Medical Services. *See id.* Plaintiff alleged deficient food service, denial of medical needs, "mis-classification" in the grievance process, threats to safety, harassment and retaliation, substandard dental care, and denial of correspondence. *See id.*

On September 26, 2011, Plaintiff filed a third amended complaint, naming defendants Dawson, Calvert, Attorney General Eric Holder, Sheriff Mims, Russell York, Director Fresno U.S. Marshal's Service, and John / Jane Doe. *See Hollis v. York*, 3d Am. Compl. & Screening Order, Docs. 50, 51. Plaintiff alleged cold temperatures in the jail, denial of medical care, forced housing with gang members, denial of law library access, denial of grievances, and being placed in the "hole." *See id.* Plaintiff requested compensatory and punitive damages, and injunctive relief. *See id.* On November 10, 2011, the Court found service appropriate for defendants Dawson and Calvert, and Plaintiff's case is still currently pending in this district. *See Hollis v. York*, Service Order, Doc. 54.

**2. The Current Case, *Hollis v. Mims*, Filed May 9, 2011, No. 1:11-cv-00739-AWI-GBC**

On May 9, 2011, Plaintiff filed the current case, alleging violations against the Fresno County Jail from August 19, 2008 through June 16, 2009. *See* Compl. & Screening Order, Docs. 1, 7. Plaintiff named defendants Margaret Mims, John / Jane Does, Dawson, and Calvert. *See id.* Plaintiff alleged denial of access to courts, cold jail temperatures / inadequate lighting, denial of law library access, and denial of grievances. *See id.*

On January 20, 2012, Plaintiff filed a first amended complaint, naming defendants United States of America; Attorney General Eric Holder; Sheriff Margaret Mims; Russell York, Director Fresno U.S. Marshal's Service; County of Fresno; Rick Hill, Captain of Detention at Fresno County Jail; Pratap Narayen, Medical Director at Fresno County Jail; and Marilyn Weldon, Captain of

Inmate Programs at Fresno County Jail. Am. Compl. at 1, 3-4, Doc. 10. Plaintiff alleged denial of law library access, cold temperatures in the jail, retaliation, being placed in the "hole," denial of medical care, denial of grievances, and insufficient diet / canteen. *Id.* at 7, 20, 25, 42. Plaintiff seeks compensatory and punitive damages, and injunctive relief. *Id.* at 4-5.

### 3. The Current Case, *Hollis v. Mims*, Filed May 9, 2011, is Duplicative of the Prior Pending Case, *Hollis v. York*, Filed March 11, 2009

Thus, in both cases, Plaintiff named various defendants[3] affecting his stay at the Fresno County Jail between August 19, 2008 through June 16, 2009. In both case, Plaintiff alleges claims resulting from law library access, cold temperatures in the jail, retaliation, being placed in the "hole," denial of medical care, denial of grievances, and insufficient diet / canteen. In both cases, Plaintiff requests relief of compensatory and punitive damages. Therefore, this case is duplicative of Plaintiff's prior current pending case because the claims, parties, and available relief do not significantly differ between the two actions. Thus, the Court finds that this action should be dismissed as duplicative of *Hollis v. York*, No. 1:09-cv-00463-AWI-BAM.

### III. Conclusion and Recommendation

The Court finds that Plaintiff's complaint in the this case is duplicative of Plaintiff's other pending case, *Hollis v. York*, No. 1:09-cv-00463-AWI-BAM. Accordingly, the Court hereby RECOMMENDS that this action should be DISMISSED, as duplicative.

---

[3] The Court notes that in Plaintiff's amended complaint, for the first time he seeks to add defendants United States of America; Rick Hill, Captain of Detention at Fresno County Jail; Pratap Narayen, Medical Director at Fresno County Jail; and Marilyn Weldon, Captain of Inmate Programs at Fresno County Jail. The Court notes that Plaintiff could have attempted to make claims against these defendants in his original pending case. Res judicata bars not only every claim that was raised in the prior court but also bars the assertion of every legal theory or ground for recovery that might have been raised in support of the granting of the desired relief, and a plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986); *see, e.g.*, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957-58 (9th Cir. 2002) (holding that ERISA claim was barred where plaintiff's prior action had been dismissed because his state law claim was preempted by ERISA and he had failed to amend the prior complaint to state a valid ERISA claim); *Smith v. City of Chicago*, 820 F.2d 916, 920 (7th Cir. 1987) (claim preclusion applies where single core of operative facts forms basis of both lawsuits and plaintiff neglected to raise § 1983 claim until years after it occurred and not until adverse judgment was rendered on cause of action for employment discrimination); *Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 834 (5th Cir. 1983) (claim preclusion applies where factual basis for Title VII claim is same as factual basis for § 1983 claim raised earlier; even though legal theory is different, same wrong is sought to be vindicated in each instance and plaintiff could have amended prior action to include Title VII claim). Thus, Plaintiff cannot bring a duplicative action and add new defendants, who he could have attempted to make claims against in his pending case.

1    These Findings and Recommendations will be submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21)**
3 **days** after being served with these Findings and Recommendations, Plaintiff may file written
4 objections with the Court. The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d
7 1153, 1156-57 (9th Cir. 1991).
8 IT IS SO ORDERED.

9
10 Dated:    August 23, 2012
                                              UNITED STATES MAGISTRATE JUDGE