# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE HOLLIS,<br><br>    Plaintiff,<br><br>  v.<br><br>MARGARET MIMS, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:11-cv-00739-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>Doc. 12<br><br>OBJECTIONS DUE WITHIN 21 DAYS |

**Findings and Recommendations**

**I. Procedural History**

On May 9, 2011, Plaintiff Michael Eugene Hollis ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging various claims against the Fresno County Jail. Doc. 1.[1] On October 17, 2011, the Court dismissed Plaintiff's complaint, with leave to amend. Doc. 7. On January 20, 2012, Plaintiff filed a first amended complaint. Doc. 10.[2] On March 23, 2012, Plaintiff filed a motion for preliminary injunction, asking the Court to allow him to access to the Fresno County Jail. Doc. 12. In a separate order, the undersigned issued findings and recommendations, recommending that this action be dismissed, as duplicative of another case currently pending in this district, filed on March 11, 2009, *Michael Eugene Hollis v. Russell York, et al.*, No. 1:09-cv-00463-AWI-BAM.

---

[1] Plaintiff is currently incarcerated Big Spring Federal Correctional Institution in Texas.

[2] On June 18, 2012, Plaintiff filed a second amended complaint in this case, listing the case number for this civil action. Doc. 14. On July 6, 2012, the Court found that Plaintiff intended to file the "second amended complaint" in the separate action of *Hollis v. Laird*, 1:11-cv-00748-AWI-SKO. The Court ordered the second amended complaint filed in that case and disregarded in this case. Doc. 15.

## II. Legal Standard for Motion for Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general who are not parties to this action. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

## III. Analysis

The undersigned has issued findings and recommendations, recommending that this action be dismissed, as duplicative of another case currently pending in this district. Moreover, the Fresno County Jail is not a named defendant in this case, and the Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

Therefore, Plaintiff has not met the requirements for a preliminary injunction. Plaintiff has

not demonstrated a likelihood of success on the merits of his action. *Winter*, 555 U.S. at 20. The undersigned has issued findings and recommendations, recommending that this action be dismissed, as duplicative of another case currently pending in this district. Additionally, Plaintiff has not demonstrated irreparable harm by being denied access to the Fresno County Jail.

### IV. Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, filed March 23, 2012, should be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 23, 2012

UNITED STATES MAGISTRATE JUDGE